IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LOS CANGRIS, INC., et al.,<br><br>    Plaintiffs<br><br>    v.<br><br>UMG RECORDINGS, INC., et al.,<br><br>    Defendants | CIVIL NO. 10-1349 (JP) |

## OPINION AND ORDER

Before the Court are: (1) Defendants UMG Recordings, Inc. ("UMG") and Universal Music Group Distribution Corp.'s ("UMGD") motion to dismiss (**No. 17**) the copyright infringement or, alternatively, the unjust enrichment claims against them; (2) Plaintiffs Los Cangris, Inc. ("Los Cangris"), Ramón Ayala-Rodríguez ("Daddy Yankee"), and El Cartel Records, Inc.'s ("Cartel Records") opposition to Defendants' motion to dismiss (No. 22); (3) Defendants' reply to Plaintiffs' opposition (No. 25); and (4) Plaintiffs' surreply (No. 27).[1] Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendants' motion to dismiss is hereby **GRANTED IN PART AND DENIED IN PART.**

---

1. Also before the Court is Plaintiffs' motion to amend the complaint (**No. 20**). Said motion is **GRANTED**. The amended complaint was tendered at docket number 21.

CIVIL NO. 10-1349 (JP)          -2-

**I.**

**FACTUAL ALLEGATIONS**

Plaintiffs allege that, from 2003 until 2004, Daddy Yankee produced and composed all the songs contained in the album entitled "Barrio Fino." On July 20, 2004, Daddy Yankee registered Barrio Fino with the copyright office and was issued registration number SR348-713. Also, on April 13, 2005, Daddy Yankee registered the compositions contained in Barrio Fino including (1) "King Daddy," (2) "Dale Caliente," (3) "No Me Dejes Solo," (4) "Gasolina," (5) "Like You," (6) "El Muro," (7) "Lo Que Pasó," (8) "Pasó," (9) "Tu Príncipe," (10) "Cuéntame," (11) "Santifica Tus Escapularios," (12) "Sabor a Melao," (13) "El Empuje," (14) "Qué Vas a Hacer, Salud y Vida," (15) "Corazones," (16) "Golpe de Estado," (17) "2 Mujeres," and (18) "Saber Su Nombre" (collectively referred to as the "musical works"). Copyright number PA1-281-843 was issued for the musical works. Daddy Yankee assigned his copyright in the musical works and in the sound recording Barrio Fino to Los Cangris. On or about 2005, Los Cangris assigned the copyright of Barrio Fino to Cartel Records.

On January 10, 2005, Daddy Yankee, Los Cangris and UMG allegedly summarized the terms of an agreement they reached. The first part of the document was an Exclusive License Agreement ("License Agreement") between Daddy Yankee and UMG for Barrio Fino and the albums listed in Schedule A of said agreement. The albums listed in

CIVIL NO. 10-1349 (JP)            -3-

Schedule A were "El Cangri.com," "Los Jonrones," and "El Cartel II." The second part of the agreement was a Distribution Agreement between Los Cangris and UMG for the exclusive distribution of the albums listed in Schedule A ("Distribution Agreement"). The terms of the License Agreement commenced on the date of the agreement and was scheduled to end five years after Daddy Yankee delivered all of the masters and corresponding production parts of the albums listed in said license. The Distribution Agreement was to last for a term of three years.

The parties modified several provisions in the Distribution Agreement on October 1, 2006. On March 28, 2008, the parties allegedly entered into a Digital and Mobile Distribution Agreement ("DMD Agreement") for the albums "Talento de Barrio," "Más Grande que Tú," and "El Heredero." All the albums included in the January 10, 2005 agreement were expressly excluded from said agreement.

Plaintiffs allege that the Distribution Agreement was further amended to include the album "Talento de Barrio" to Schedule A on March 31, 2008. The document is titled "Re: Machete Music, a division of UMG Recordings, Inc. ("Machete") - w - El Cartel Records, Inc./El Cangri Music, Inc. (Amendment to Distribution Agreement)." Said amendment made reference "to the exclusive distribution agreement between Universal Music Group Recordings, Inc. and El Cangri Music, Inc. dated as of January 10, 2005[.]" The March 31, 2008 amendment did not alter the License Agreement.

CIVIL NO. 10-1349 (JP)          -4-

On February 3, 2010, Plaintiffs allegedly notified Defendants that the term of the License Agreement and the Distribution Agreement for Barrio Fino, El Cangri.com, Los Jonrones, and El Cartel II had expired. Plaintiffs also requested a detailed status of the remaining inventory up to January 10, 2010. After communicating on the issue, the parties allegedly agreed upon a six month sell-off period of the products in the License Agreement and Distribution Agreement. One day after reaching said agreement, Plaintiffs allege that Defendants retracted claiming that the License Agreement and Distribution Agreement were scheduled to run until March 31, 2013. Since January 10, 2010 and without Plaintiffs' authorization, Defendants have allegedly continued to copy, distribute, manufacture, disseminate, and/or otherwise exploit Plaintiffs' musical works as contained in Barrio Fino in violation of Plaintiffs' copyright.

As such, Plaintiffs filed the instant action in which they: (1) request a declaratory judgment clarifying that the terms of the License Agreement and Distribution Agreement, which deal with Barrio Fino, El Cangri.com, Los Jonrones, and El Cartel II, have expired; (2) claim that Defendants violated the copyrights of Plaintiffs; (3) argue that Defendants violated the contracts between the parties; (4) claim that the License Agreement, the Distribution Agreement and the DMD Agreement should be rescinded; and (5) state that Defendants have been unjustly enriched by their acts and have engaged in unfair competition.

CIVIL NO. 10-1349 (JP)             -5-

## II.

### **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 570.

The First Circuit Court of Appeals has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007). Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

## III.

### **ANALYSIS**

Defendants argue that their motion to dismiss for failure to state claim should be granted because: (1) Plaintiffs have failed to allege that the albums and songs from which they base their copyright infringement claims have been registered with the copyright office;

CIVIL NO. 10-1349 (JP)          -6-

and (2) alternatively, that if Plaintiffs have properly pled their copyright infringement claims, their state law claims are preempted. Plaintiffs oppose the motion. The Court will now consider the parties' arguments.

## A.  Copyright Infringement Claims

In their original complaint, Plaintiffs did not allege that they registered a copyright for the albums which they claim were infringed by Defendants. As such, Defendants filed the instant motion to dismiss. Thereafter, Plaintiffs amended the complaint to allege that they had properly registered the copyright for Barrio Fino and the musical works. Moreover, they opposed Defendants' motion arguing that registration was not a requirement to bring the instant action based on Reed Elsevier, Inc. v. Muchnick, 130 S.Ct. 1237 (2010). Also, Plaintiffs appear to raise copyright infringement claims based on Defendants' acts related to the albums El Cangri.com, Los Jonrones, El Cartel II, Talento de Barrio, Más Grande que Tú, and El Heredero.

"[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Contrary to Plaintiffs' contention, the United States Supreme Court has clarified that while said statute does not present a jurisdictional bar to bringing a copyright infringement claim, said statute does make copyright

CIVIL NO. 10-1349 (JP)          -7-

registration a prerequisite to filing a federal suit such as this one.  See Reed Elsevier, 130 S.Ct. at 1245-49.

In the instant case, Plaintiffs have properly pled, and provided the accompanying registrations, that Barrio Fino and the musical works have been registered with the copyright office.  As such, Plaintiffs' copyright infringement claims based on said album survives Defendants' motion to dismiss.

On the other hand, Plaintiffs have failed to plead that the albums El Cangri.com, Los Jonrones, El Cartel II, Talento de Barrio, Más Grande que Tú, and El Heredero have been registered with the copyright office.  Also, the registrations for said albums have not been provided.  Accordingly, the Court finds that Plaintiffs have failed to state a cause of action for their copyright infringement claims based on the albums El Cangri.com, Los Jonrones, El Cartel II, Talento de Barrio, Más Grande que Tú, and El Heredero.  See, e.g., Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc., 2010 WL 3872802 at *4 (M.D. Tenn. Sept. 28, 2010); TI Training Corp. v. FAAC, Inc., 2010 WL 2490535 at *3 (D.Colo. Jun. 15, 2010).

**B.   Puerto Rico Law Claims**

In their original complaint, Plaintiffs brought unjust enrichment claims.  In the amended complaint and after Defendants filed their motion to dismiss, Plaintiffs appear to have added

CIVIL NO. 10-1349 (JP)         -8-

breach of contract, rescission, and unfair competition claims.[2] Defendants argue that the amendment is futile as the new claims are also preempted by the copyright infringement claims.

After considering the arguments, the Court agrees with Defendants that the copyright infringement claims involving Barrio Fino and the musical works preempt any unfair competition, breach of contract, rescission, and unjust enrichment claims that could be brought by Plaintiffs regarding Barrio Fino and the musical works. This is the case because said claims are based on the same set of facts and conduct that led to Plaintiffs' copyright infringement claims. See Banco Popular de Puerto Rico, Inc. v. Latin American Music Co., Inc., 2009 WL 3294790 at *1 (D.P.R. Oct. 9, 2009); see also, John G. Danielson, Inc. v. Winchester-Conant Properties, Inc., 322 F.3d 26, 44-45 (1st Cir. 2003); Amador v. McDonald's Corp., 601 F. Supp. 2d 403, 409 (D.P.R. 2009); Alvarez Guedes v. Marcano Martínez, 131 F. Supp. 2d 272, 280 (D.P.R. 2001). As such, the state law claims based on Defendants alleged acts related to Barrio Fino and the musical works are preempted. This ruling does not apply to the other albums for which Plaintiffs failed to properly plead a copyright infringement claim.

---

2. From the amended complaint, it is unclear whether the unjust enrichment claims have been abandoned since paragraphs 7.4 and 7.5 of the amended complaint still allege that Defendants have unjustly enriched themselves. As such, the Court will analyze the arguments as if said claims are still present.

CIVIL NO. 10-1349 (JP)          -9-

**IV.**

**CONCLUSION**

Thus, the Court: (1) **GRANTS** Plaintiffs' motion to amend the complaint; (2) **GRANTS** Defendants' motion to dismiss the copyright infringement claims based on the albums El Cangri.com, Los Jonrones, El Cartel II, Talento de Barrio, Más Grande que Tú, and El Heredero; (3) **DENIES** Defendants' motion to dismiss the copyright infringement claims based on Barrio Fino and the musical works; and (4) **GRANTS** Defendants' motion to dismiss Plaintiffs' state law claims based on Barrio Fino and the musical works.  The Court will enter a separate Partial Judgment accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of April, 2011.

                                                s/José Antonio Fusté
                                                JOSÉ ANTONIO FUSTÉ
                                      UNITED STATES DISTRICT JUDGE